**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

Crown Packaging Technology, Inc. and
CarnaudMetalbox Engineering Ltd.,

   Plaintiffs,

 v.

Belvac Production Machinery, Inc.,

   Defendant.

6:18-cv-00070-NKM-RSB

U.S.D.J. Norman K. Moon
U.S.M.J. Robert S. Ballou

**PROPOSED INTEGRATED PRETRIAL ORDER**

## <u>TABLE OF CONTENTS</u>

I.      Contested Issues of Law That Require a Ruling Before Trial ...........................................1

II.     Essential elements To Establish meritorious claims and Damages or Other Relief
        Sought ............................................................................................................................1

        A.      Plaintiffs' Submission .........................................................................................1

        B.      Belvac's Submission ...........................................................................................2

III.    Essential Elements to Establish Meritorious Defenses ..................................................2

        A.      Belvac's Submission ...........................................................................................2

        B.      Plaintiffs' Submission .........................................................................................3

IV.     Material Facts and Theories of Liability or Defense ......................................................3

        A.      Plaintiffs' Submission .........................................................................................3

        B.      Belvac's Submission ...........................................................................................5

V.      Contested Issues of Fact .................................................................................................6

VI.     Contested Issues of Law Not Requiring a Ruling Before Trial ......................................6

VII.    Stipulations .....................................................................................................................7

VIII.   Vior Dire Questions ........................................................................................................8

        A.      Plaintiffs' Submission .........................................................................................8

        B.      Belvac's Submission ...........................................................................................8

Pursuant to the Court's Ninth Amended Scheduling Order (Dkt. 230) and Pretrial Order (Dkt. 17 ¶25), Plaintiffs Crown Packaging Technology, Inc. ("Crown") and CarnaudMetalbox Engineering Ltd. ("CMB") and Defendant Belvac Production Machinery ("Belvac") (collectively the "Parties") respectfully submit this Proposed Integrated Pretrial Order.  Pursuant to Rule 26(a)(3)(A)(i)-(ii), Plaintiffs and Belvac submit their witness lists in Exhibit A and Exhibit B, respectively.  The Parties agreed to exchange designations of deposition transcripts at a later date, and reserve their right to do so for witnesses so identified on their respective witness lists.  *See* Section VII, ¶ 5.  Pursuant to Rule 26(a)(3)(A)(iii), Plaintiffs and Belvac submit their joint exhibit list in Exhibit C, and their individual exhibit lists in Exhibits D and E, respectively.

## I.   CONTESTED ISSUES OF LAW THAT REQUIRE A RULING BEFORE TRIAL

The parties submit that the contested issues requiring a ruling before trial are Plaintiffs' motions *in limine* nos. 1 and 2 (Dkt. 228) and Belvac's motions *in limine* nos. 1-7 (Dkt. 233-237, 241-242).  The oppositions of certain motions *in limine* may argue that one or more issues involved need not be decided until during the trial.

## II.   ESSENTIAL ELEMENTS TO ESTABLISH MERITORIOUS CLAIMS AND DAMAGES OR OTHER RELIEF SOUGHT

### A.   Plaintiffs' Submission

First, Plaintiffs allege that Belvac has infringed claims 1, 7, and 8 of U.S. Patent No. 9,308,570 (the "'570 Patent"), claims 20, 22, 24, and 26 of U.S. Patent No. 9,968,982 (the "'982 Patent"), and claims 1, 2, and 7 of U.S. Patent No. 10,751,784 (the "'784 Patent") (collectively, the "Asserted Claims") under 35 U.S.C. § 271(a)-(c) & (f).  Plaintiffs have the burden of proving infringement by a preponderance of the evidence.

Second, CMB seeks damages for the infringement of the Asserted Claims under 35 U.S.C. § 284.   CMB seeks its profits lost as a result of Belvac's infringement, "but in no event

less than a reasonable royalty for the use made of the invention by the infringer." *Id.*  CMB must prove the amount of damages by a preponderance of the evidence.

Third, Plaintiffs allege that Belvac willfully infringed the Asserted Claims, which requires that they prove by a preponderance of the evidence that Belvac's infringement was intentional.  A finding of willful infringement by the jury is typically considered a prerequisite for the Court to exercise its discretion to enhance damages under 35 U.S.C. § 284.

### B.  Belvac's Submission

Defendant does not infringe any of the Asserted claims.  Plaintiffs bear the burden to prove infringement by a preponderance of the evidence.

Defendant also alleges that all of the Asserted Claims are invalid under 35 U.S.C. §§ 103(a) and 112.  Defendant bears the burden to prove invalidity by clear and convincing evidence.

Defendant asserts that Plaintiffs are not entitled to any damages.  Plaintiffs bear the burden to prove damages by a preponderance of the evidence.

## III.  ESSENTIAL ELEMENTS TO ESTABLISH MERITORIOUS DEFENSES

### A.  Belvac's Submission

Defendant does not infringe any of the Asserted Claims.  Plaintiffs bear the burden to prove infringement by a preponderance of the evidence.

Defendant also alleges that all of the Asserted Claims are invalid under 35 U.S.C. §§ 103(a) and 112.  Defendant bears the burden to prove invalidity by clear and convincing evidence.

Defendant asserts that Plaintiffs are not entitled to any damages.  Plaintiffs bear the burden to prove damages by a preponderance of the evidence.

## B.        Plaintiffs' Submission

Belvac infringes the Asserted Claims.  *See* Section II.A.

No claim challenged by Belvac is invalid under 35 U.S.C. §§ 103(a) and 112.

Belvac is liable for damages.  *See* Section II.A.

## IV.        MATERIAL FACTS AND THEORIES OF LIABILITY OR DEFENSE

### A.        Plaintiffs' Submission

Crown is the owner, by assignment registered at the United State Patent and Trademark Office ("USPTO"), of the Asserted Patents, and a wholly owned subsidiary of Crown Holdings, Inc.

CMB is a United-Kingdom based, wholly owned subsidiary of Crown Holdings, Inc. and the exclusive licensee of the Asserted Patents having the right to sue for and the sole right to collect damages for infringement of those patents.

For many years, CMB and Belvac have been competitors in the field of making and selling certain can making machinery, including necking machines.  The necking machines originally made and sold by CMB were known as "spin-necking machines."   The necking machines made and sold by Belvac were known as "die-necking machines."

Starting in 2004, CMB began developing the CMB3400, an aluminum beverage can die-necking machine that was more advanced than any of Belvac's machines.  CMB launched the CMB3400 in April 2007, at the Cannex trade show in Las Vegas, Nevada.  Within one year, Crown and CMB filed patent applications covering the technological improvement inventions exemplified by the CMB3400.  These patent applications led to the USPTO issuing the Asserted Patents.  The CMB3400 is covered by the Asserted Claims and complied with the marking requirements of 35 U.S.C. § 287 at all relevant times for the CMB3400 machines sold in the U.S.

The CMB3400 was commercially successful.  Prior to the launch of the CMB3400, Belvac held the vast majority of the market share of die-necking machine sales. Within a few years, the CMB3400 captured a significant share of the market.

 Immediately after the launch of the CMB3400, Belvac began development of a die-necking machine designed to compete with the CMB3400, which later became known as The Belvac Necker ("TBN").  Belvac copied several key, patented improvements from the CMB3400 that are claimed in the Asserted Claims: a combination of a long stroke length and high speed enabled by a sawtooth-like staggering of the machine turrets.  The CMB3400 was the first die-necking machine to ever combine the claimed features.  The second was Belvac's TBN. Belvac's TBN infringes the Asserted Claims.

Belvac's infringement was willful.  In 2007, under intensive competitive pressure from the CMB3400, Belvac knowingly and purposefully copied the key features of the CMB3400 for use in the TBN.  In 2012, a Belvac customer became aware of Crown's published patent application that later led to the Asserted Patents.  That customer brought the published patent application to Belvac's attention and expressed concern.  Belvac studied that patent application in great detail and provided its analysis to the concerned customer.  But Belvac made no changes to its design, and began selling the TBN in 2013.  And after Plaintiffs brought the first of the Asserted Patents to Belvac's attention in 2017, Belvac again made no changes to its design, and has continued selling the TBN to this day.  Belvac never changed the design to avoid the Asserted Patents because Belvac knew it had to infringe the Asserted Patents in order to compete with the CMB3400.

When a can manufacturer's production line design requires the highest-speed necking machines, they have only two choices: The CMB3400 and Belvac's TBN.  When Belvac sells

4

the infringing TBN, it deprives CMB of a sale of the CMB3400.  Therefore, Belvac is liable for

CMB's lost profits, or, at a minimum, a reasonable royalty.

> **B.     Belvac's Submission**

Belvac does not infringe the Asserted Claims.  Belvac does not infringe claims 1, 7, and

8 of the '570 Patent because the TBN does not have the required claim element that there be a

stroke length between the pusher assembly and the die of at least 1.50 inches.

Belvac does not infringe claims 1, 7, and 8 of the '570 Patent because the TBN does not

have the required claim elements of a main gear mounted proximate to an end of the main turret

shaft or a transfer gear mounted proximate to an end of the transfer shaft.  Belvac does not

infringe claims 20, 22, 24, and 26 of the '982 Patent because the TBN does not have the required

claim element that the main gears be mounted on the main turret shafts.

Belvac does not infringe claims 1, 7 and 8 of the '570 Patent, claims 20, 22, 24, and 26 of

the '982 Patent, and claims 1, 2, and 7 of the '784 Patent because the TBN does not have the

required claim element that each one of the dies have a throat portion with an inner surface that

defines a cylinder.

Each one of the asserted claims Asserted Claims is invalid.  First, claims 1, 7, and 8 of

the '570 Patent, and claims 20, 24, and 26 of the '982 Patent are invalid as obvious under 35

U.S.C. § 103(a) over the combination of Belvac's 595SK Necker and Belvac's 795K Necker.

Second claims 1, 7, and 8 of the '570 Patent, claims 20, 24, and 26 of the '982 Patent,

and claims 1, 2, and 7 of the '784 Patent are invalid as obvious under 35 U.S.C. § 103(a) based

on the 595 necking machines (including the 595SK) as prior art under 35 U.S.C. § 102(f) in

combination with the 795K Necker.

Third, claim 22 of the '982 Patent and claims 1, 2, and 7 of the '784 Patent are invalid as obvious under 35 U.S.C. § 103(a) based on the combination of Belvac's 595SK Necker, Belvac's 795K Necker, and International Publication No. WO 97/37786 ( "Bowlin '786").

Finally, each of the Asserted Claims is invalid under 35 U.S.C. § 112, ¶ 1 because the patent specifications do not describe or support the full scope of the Asserted Claims.

If Plaintiffs can prove infringement of valid claims, Plaintiffs are not entitled to lost profits because they cannot meet the requirements of *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978).  Plaintiffs cannot prove that they had the manufacturing capability to exploit the demand, nor that there is an absence of acceptable noninfringing substitutes.  Plaintiffs also cannot establish the reasonable royalty they seek.

## V.    CONTESTED ISSUES OF FACT

The parties identify the following issues of fact:

1.    The Parties contest whether Belvac infringed the Asserted Claims.  *See* 35 U.S.C. ¶ 271.

2.    The Parties contest whether the Asserted Patents are invalid under the defense of obviousness.  *See* 35 U.S.C. ¶¶ 103 & 282.

3.    The Parties contest whether the Asserted Patents are invalid under the defense of lack of written description.  *See* 35 U.S.C. ¶ 112 & 282.

4.    The Parties contest the amount of damages related to the alleged infringement of the Asserted Claims.  *See* 35 U.S.C. ¶ 284.

5.    The Parties contest whether Belvac willfully infringed the Asserted Claims.

## VI.    CONTESTED ISSUES OF LAW NOT REQUIRING A RULING BEFORE TRIAL

The parties identify the following issues of law not requiring a ruling before trial:

1.      The Parties will be submitting proposed jury instructions and verdict forms on June 21, 2022 per the Court's Ninth Amended Scheduling Order (Dkt. 230).

2.      The Parties contest the establishment of an equitable remedy, in the form of a permanent injunction and/or an ongoing royalty.  35 U.S.C. § 283.

3.      The Parties contest the assessment of costs, prejudgment interest, and post-judgment interest.  35 U.S.C. § 284.

4.      The Parties contest enhancement of damages under 35 U.S.C. § 284.

5.      The Parties contest whether this case is exceptional under 35 U.S.C. § 285 and/or § 273(f).

6.      The Parties contest awarding of attorney fees and costs under 35 U.S.C. § 285.

## VII.    STIPULATIONS

The Parties stipulate as follows:

1.      The Parties stipulate that they will not refer to claims or defenses raised, but no longer at issue, in the case.  This includes Plaintiffs' allegations with respect to the '425 Patent (Dkt. 225); Belvac's defenses with respect to the '425 Patent; Belvac's IPR petition with respect to the '425 Patent; Belvac's allegations with respect to the '445 Patent (Dkt. 103); CMB's defenses with respect to the '445 Patent; any claims of the Asserted Patents that Plaintiffs do not assert at trial (*e.g.*, patent claims withdrawn by Plaintiffs); and any defenses advanced by Belvac no longer at issue for trial (*e.g.*, defenses dismissed in Dkt. 213 or defenses withdrawn by Belvac).

2.      The Parties stipulate that they will not introduce evidence, testimony, argument, or suggestion of any injunctive relief that is at issue in this case.

3.      The Parties stipulate to the authenticity of all documents and things on the Joint

Exhibit List (Ex. C), Plaintiffs' Exhibit List (Ex. D), and Belvac's Exhibit List (Ex. E) that were

produced by the Parties during discovery in this case.

4.      The Parties stipulate that expert witnesses will testify consistent with their expert

reports as provided by Fed. R. Civ. P. 26.

5.      The Parties stipulate to exchange designations of depositions transcripts at a later

time, and for purposes of this Integrated Pretrial Order designate the entirety of the transcripts for

witnesses to be called by depositions as set forth in the Parties respective witness lists.  Exs. A &

B.

6.      Crown is the owner, by assignment registered at the USPTO, of the Asserted

Patents.

7.      CMB became the exclusive licensee of the Asserted Patents on June 5, 2018.

## VIII.    VIOR DIRE QUESTIONS

### A.      Plaintiffs' Submission

Plaintiffs respectively proposes the *voir dire* questions set forth in Exhibit F for the

prospective jurors in accordance with Fed. R. Civ. P. 47(a).

### B.      Belvac's Submission

Defendant respectfully proposes the *voir dire* questions set forth in Exhibit G in

accordance with Fed. R. Civ. P. 47(a).

June 10, 2022

Counsel:

*/s/ Glenn W. Pulley*_____

8

Glenn W. Pulley (VSB No. 15677)
Amanda M. Morgan (VSB No. 70210)
Gentry Locke
801 Main Street, 11th Floor (24504)
P.O. Box 6218
Lynchburg, VA 24505
Telephone:  434-455-9940
Facsimile:  540-983-9400
pulley@gentrylocke.com
morgan@gentrylocke.com

Daniel J. Goettle (*pro hac vice*)
John F. Murphy (*pro hac vice*)
Jeffrey Lesovitz (*pro hac vice*)
Stephanie Hatzikyriakou (*pro hac vice*)
Robert Leeson (*pro hac vice*)
Baker & Hostetler, LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone:  215-568-3100
Facsimile:  215-568-3439
dgoettle@bakerlaw.com
johnmurphy@bakerlaw.com
jlesovitz@bakerlaw.com
shatzikyriakou@bakerlaw.com
rleeson@bakerlaw.com
*Counsel for Plaintiffs Crown Packaging Technology, Inc. and CarnaudMetalbox Engineering Ltd.*,

/s/ Brian C. Riopelle
Brian C. Riopelle (VSB No. 36454)
David E. Finkelson (VSB No. 44059)
George B. Davis (VSB No. 83165)
McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804-775-1000
Facsimile: 804-225-5377
briopelle@mcguirewoods.com
dfinkelson@mcguirewoods.com
gdavis@mcguirewoods.com
*Counsel for Defendant Belvac Production Machinery, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on 10th day of June, 2022, via CM/ECF.


*/s/ Glenn W. Pulley*
Glenn W. Pulley