IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| Crown Packaging Technology, Inc. and CarnaudMetalbox Engineering Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Belvac Production Machinery, Inc., <br><br> Defendant. | 6:18-cv-00070-NKM-RSB <br><br> U.S.D.J. Norman K. Moon <br> U.S.M.J. Robert S. Ballou |

**JOINT NOTICE OF AGREED TRIAL MANAGEMENT PROCEDURES**

Plaintiffs Crown Packaging Technology, Inc. and CarnaudMetalBox Engineering Ltd. (collectively, "Crown") and Defendant Belvac Production Machinery, Inc. ("Belvac") (collectively, the "Parties") submit this Joint Notice of Agreed Trial Management Procedures in connection with the upcoming trial in the above-captioned matter.  The parties are free to vary from this agreement as needed, provided both parties agree to the variation.

1. **Demonstratives Generally.**  "Demonstratives" are exhibits specifically created for the purpose of trial and for illustrative purposes only, and do not include demonstratives created in the courtroom during testimony or opening or closing statements at trial.  Any Demonstrative exchanged may not be used by the opposing party until after first being used by the disclosing party.  Reasonable non-substantive edits or corrections of typographical and similar errors to Demonstratives may be made after exchange and before use at trial.  If Demonstratives contain any videos or animations the disclosing party will provide a version that includes such videos or

animations. Demonstratives shall be disclosed in the order in which the disclosing party intends to use them at the time of disclosure (e.g., not randomized). Demonstratives need not be included in the Parties' respective exhibit lists. For use with witnesses, the parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a Demonstrative), as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this agreement.

2. **Opening and Closing Statements.** The Parties will exchange by email copies of all exhibits, documentary, graphic, slide, animation, board, and any other form of Demonstratives they plan to use during opening or closing statements by 4:00 p.m. the calendar day before their intended use. Any exhibits disclosed during this process do not have to include highlights the party may make to the exhibit during opening or closing. For example, if such a Demonstrative will be used on a Monday, it must be exchanged or made available by 4:00 p.m. on the day before (Sunday). The Parties shall exchange objections, if any, to these Demonstratives by 6:00 p.m. and hold a meet-and-confer by 8:00 p.m. that night (i.e., the night before their intended use). For closing statements, the Parties need only disclose new Demonstratives (i.e., for closing, it is not necessary to disclose Demonstratives that have already been used at trial).

3. **Disclosure of Witnesses, Exhibits, Witness Demonstratives, and Written Discovery/Stipulations.** The Parties have agreed on the following deadlines for disclosures of live witnesses, witnesses by prior testimony, exhibits, Demonstratives for use with witnesses, and written discovery/stipulations:

| Disclosure | Deadline |
|---|---|
| **Witnesses to be called live** | |
| Identification of witnesses party intends to call live each trial day for direct examination, together with the exhibits intended to be used with each witness, as well as the order of the witnesses. The list shall be updated each day. | 6:00 p.m. three (3) calendar days before intended testimony (i.e., if the intended testimony will be on a Wednesday, this disclosure would be the previous Saturday) |
| Objections to live witnesses and/or exhibits for live witnesses | 7:00 p.m. two (2) calendar days before intended testimony/use. |
| Demonstratives intended to be used with each live witness for direct examination | 6:00 p.m. two (2) calendar days before intended use |
| Objections to Demonstratives for live witnesses | 7:00 p.m. one (1) calendar day before intended testimony/use |
| Meet and confer regarding objections to witnesses, exhibits for live witnesses, and Demonstratives for live witnesses | 8:00 p.m. one (1) calendar day before intended testimony/use |
| **Witnesses to be called by prior testimony** | |
| Identification of prior testimony designations and accompanying exhibits | 6:00 p.m. four (4) calendar days before deposition is to be played |
| Identification of objections and counter-designations and exhibits | 4:00 p.m. three (3) calendar days before deposition is to be played |
| Identification of objections to counter-designations | 7:00 p.m. three (3) calendar days before deposition is to be played |
| Meet and confer regarding prior testimony designations | 8:00 p.m. three (3) calendar days before deposition is to be played |
| Offering party provide Court with marked-up transcript for ruling on any disputes | 9:00 a.m. two (2) calendar days before deposition is to be played |
| **Written discovery and/or stipulations** | |
| Identification of written discovery and/or stipulations intended to be used, including by specific request/interrogatory number and/or pages expected to be read | 6:00 p.m. three (3) calendar days before intended use |
| Objections to written discovery and/or stipulations | 7:00 p.m. two (2) calendar days before intended use |
| Meet and confer regarding written discovery and/or stipulations | 8:00 p.m. one (1) calendar days before intended use |

If a Demonstrative or exhibit is non-documentary (e.g., physical sample), it must be made available for inspection no later than the stated deadline for the exchange of Demonstratives or exhibits in the table above.

4. **Dispute Resolution**.  The parties shall make good faith efforts to resolve objections over the use of identified witnesses, testimony, exhibits, and Demonstratives by participating in a meet and confer following the identification of and objection to witnesses, testimony, exhibits, and Demonstratives each day at 8:00 p.m. unless otherwise agreed.  With respect to live witnesses, exhibits, and Demonstratives, to the extent any objections or disputes remain pending after the meet and confer, it is the objecting party's responsibility to advance the objection in the manner in which it deems appropriate.  With respect to deposition designations in particular, the proponent of the witness is responsible for preparing a transcript of the designated and counter-designated testimony it intends to read or play, along with any objections, for submission to the Court.  For avoidance of doubt, this paragraph applies only to the witness, deposition designation, exhibit, and Demonstrative disclosures described above.

5. **Cross-examination.**  The subjects covered by this agreement — witnesses (live or by deposition), trial exhibits, Demonstratives, and written discovery/stipulations — must have been identified and treated in accordance with the terms of this agreement before being shown to the jury <u>except</u> when used for cross-examination. On cross-examination, any such materials may be used, e.g., for impeachment purposes and shown to the jury in that regard, so long as it is not in violation of a motion in limine or other exclusionary order, regardless of whether it was previously designated by the Parties.

6. **Exhibits**.  By Friday, June 24, at noon, the parties will exchange electronic file exhibits listed on their respective exhibit lists, with file names reflecting the exhibit numbers.  If the electronic file is appropriate for imaging (e.g., as a PDF file), it should be stamped according to the following convention:

- PX#.# (Plaintiffs' exhibits)

- DX#.# (Defendant's exhibits)

- JX#.# (Joint exhibits) (Plaintiffs will provide what they believe to be the exhibits on the Joint Exhibit List for approval by Belvac).

The first number represents the exhibit number, and the second number, after the period, represents the page number. For example, JX123.456 would be the label on page 456 of Joint Exhibit 123. This does not apply to native files not appropriate for imaging.

When a party identifies exhibits pursuant to paragraph 3 above, that party is responsible for:

(1) uploading the identified exhibits to the Court's Box.com (*see* Dkt. 224) the same evening that the exhibits are identified; and

(2) preparing two (2) courtesy paper copies of the identified exhibits, and adding them to the Court's binders or collections at the next opportunity (*see id.*).

To the extent a party becomes the proponent of any exhibit not identified under paragraph 3 (for example under paragraph 5), that party is similarly responsible for providing the Court with electronic and paper copies at the earliest opportunity.

If the proponent of an exhibit intends to modify the exhibit from how it was originally exchanged with the other party (for example, with redactions, or modifying the files to make them suitable for uploading on Box.com), the modifications should be agreed upon by both parties.

Subject to approval of the documents by Belvac, Plaintiffs will be responsible for uploading the exhibits on the Joint Exhibit List to the Court's Box.com system. The parties will jointly move into evidence the exhibits on the Joint Exhibit List at the earliest opportunity the Court will allow.

7. **Additional Agreements for Witnesses Called by Deposition**. The party offering the witness to be called by deposition is responsible for providing a timed clip report of the

testimony to be played at trial to the other party by 8:00 a.m. the day the designations will be played at trial. Deposition counter-designations will be counted against the counter-designator's time. The parties agree that for any deposition testimony played or read during either party's case, all deposition designations, counter-designations, and counter-counter-designations from that witness will be played or read together in chronological order. Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment.

Dated: June 23, 2022

Counsel:

*/s/ Glenn W. Pulley*
Glenn W. Pulley (VSB No. 15677)
Amanda M. Morgan (VSB No. 70210)
Gentry Locke
801 Main Street, 11th Floor (24504)
P.O. Box 6218
Lynchburg, VA 24505
Telephone: 434-455-9940
Facsimile: 540-983-9400
pulley@gentrylocke.com
morgan@gentrylocke.com

Daniel J. Goettle (*pro hac vice*)
John F. Murphy (*pro hac vice*)
Jeffrey W. Lesovitz (*pro hac vice*)
Stephanie M. Hatzikyriakou (*pro hac vice*)
Robert P. Leeson (*pro hac vice*)
Baker & Hostetler, LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: 215-568-3100
Facsimile: 215-568-3439
dgoettle@bakerlaw.com
johnmurphy@bakerlaw.com

jlesovitz@bakerlaw.com
shatzikyriakou@bakerlaw.com
rleeson@bakerlaw.com
*Counsel for Plaintiffs Crown Packaging Technology, Inc. and CarnaudMetalbox Engineering Ltd.*,

*/s/ Brian C. Riopelle*
Brian C. Riopelle (VSB No. 36454)
David E. Finkelson (VSB No. 44059)
George B. Davis (VSB No. 83165)
McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: 804-775-1000
Facsimile: 804-225-5377
briopelle@mcguirewoods.com
dfinkelson@mcguirewoods.com
gdavis@mcguirewoods.com
*Counsel for Defendant Belvac Production Machinery, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 23th day of June, 2022, via CM/ECF.

*/s/ Glenn W. Pulley*
Glenn W. Pulley