UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/23/2022
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
         DEPUTY CLERK

| | |
|---|---|
| CROWN PACKAGING TECHNOLOGY, INC., *Plaintiff*, | CASE NO. 6:18-cv-70 |
| v. | MEMORANDUM OPINION AND ORDER |
| BELVAC PRODUCTION MACHINERY, INC., *Defendant*. | JUDGE NORMAN K. MOON |

This memorandum opinion and order summarizes the Court's holdings on the motions *in limine* argued at the pretrial conference on June 15, 2022. The Court holds as follows:

The first part of Crown's motion *in limine*, Dkt. 228, to exclude evidence that Belvac has patents on the accused product, is **DENIED**. Although it is true that Belvac holding patents on the accused product is not a defense to infringement, *Bio-Technology General Corp. v. Genetech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996), the Court holds that Belvac holding patents on the accused product is relevant to the claims that the parties will likely make at trial about whether Belvac does or does not have a corporate culture that encourages infringement. *See Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1307 (N.D. Ga. 2016) (admitting accused infringers' patent as relevant as evidence of its "general corporate culture"). The Court will issue a jury instruction noting that Belvac holding patents on the accused product is not a defense to infringement, which will cure any prejudice to Crown that this evidence creates. *See id.*

The second part of Crown's motion *in limine*, Dkt. 228, to exclude evidence relating to Alphonse Stroobants, his descendants, or his foundations, is **GRANTED** for the reasons stated on the record at the final pretrial conference.

Belvac's first motion *in limine*, Dkt. 241, to exclude evidence relating to the 131 Publication and 843 Patent, is **DENIED**. Crown must show at trial that Belvac had knowledge of the Asserted Patents, so, to the extent that Belvac's knowledge of the 131 Publication also tends to show its knowledge of the Asserted Patents, Belvac's knowledge of the 131 Publication is relevant and thus admissible evidence. The Court does not find that the prejudice to Belvac of admitting this evidence is so high that exclusion under Rule 403 is warranted.

Belvac's second motion *in limine*, Dkt. 233, relating to prior litigation between the parties, is **GRANTED** for the reasons stated on the record at the pretrial conference.

Belvac's third motion *in limine*, Dkt. 234, relating to Dover Corporation's ownership of Belvac, is **GRANTED** for the reasons stated at the pretrial conference.

Belvac's fourth motion *in limine*, Dkt. 235, relating to the overall revenues and financial health of Belvac and Dover Corporation, is **GRANTED** with respect to Dover's revenues financial status and **DENIED** with respect to Belvac's. Evidence about Belvac's and Dover's financial status is not relevant to damages, which, if awarded, will be based on the extent the infringement harmed Crown, not on Belvac's or Dover's overall revenues. But the Court holds that Belvac's revenues at the time of the alleged infringement are relevant to and admissible for the limited purpose of explaining Crown's theory that Belvac infringed Crown's patent because Belvac's revenues were suffering due to Crown's market presence. The Court will hear individual objections to this evidence at trial but holds for now that Crown is not categorically prohibited from introducing evidence of Belvac's revenues and financial status.

Belvac's fifth motion *in limine*, Dkt. 242, relating to an alleged design flaw in the accused product's prototype, is **GRANTED** for the reasons stated at the pretrial conference.

Belvac's sixth motion *in limine*, Dkt. 236, relating to the presumption of validity, is **DENIED** for the reasons stated at the pretrial conference.

Belvac's seventh motion *in limine*, Dkt. 237, relating to the patent drawings, is **DENIED**. The Court holds that the patent drawings are relevant and admissible for the purpose of explaining the shape of the die surface (i.e., whether it is tapered). Crown and its experts may not represent that the patent drawings represent "precise dimensions," but the Court understands that Crown and its experts do not intend to do so.

In sum, the motions *in limine* at Dkt. 233, 234, and 242 are **GRANTED**. The motions *in limine* at Dkt. 236, 237, and 241 are **DENIED**. The motions *in limine* at Dkt. 228 and 235 are **GRANTED** in part and **DENIED** in part.

It is so ORDERED.

The Clerk of Court is directed to send this opinion and order to all counsel of record.

Entered this 23rd day of June 2022.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE